UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:13-CV-01214-JHM

KATHY LITTLE; GREG WALKER and  PLAINTIFFS
DEBRA L. WALKER, husband and wife;
RICHARD EVANS; and PHILLIP
WHITAKER and FAYE WHITAKER,
husband and wife; on behalf of themselves and
all others similarly situated

V.

LOUISVILLE GAS AND ELECTRIC  DEFENDANT
COMPANY

## Memorandum Opinion and Order

This matter is before the Court on its own motion. On February 13, 2017, the Court entered a memorandum opinion and order granting summary judgment to Defendants Louisville Gas and Electric Company ("LG&E") and PPL Corporation on the Plaintiffs' claim that LG&E and PPL violated Title V of the Clean Air Act Amendments of 1990 by operating without a permit. (DN 118.) The Title V permit claim was the final remaining claim that raised a federal question, and with it dismissed, the Court ordered briefing on whether it should exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiffs remaining state law claims. (*Id.* at 9.) The parties have now filed the requested briefs (DN 125, 126, 129, 130), and the matter is ripe for decision.

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)). While "there is no categorical rule that the pretrial dismissal

of a federal claim bars a court from deciding remaining state law claims . . . [a]s a rule of thumb . . . [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims," under 28 U.S.C. § 1367(c)(3). *Id.* at 1254–55 (citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970). The Court must consider factors such as "judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over any state law claims that remain after the dismissal of all federal claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In its briefs, LG&E argues that this Court should exercise supplemental jurisdiction over the remaining state law claims. It argues that judicial economy weighs in favor of retaining supplemental jurisdiction, as the case has been pending on the Court's docket for over three years, and substantial time and resources have been invested in not only this Court but also on an interlocutory appeal already taken to the Sixth Circuit. It worries that different standards and civil rules in state court, such as those governing class certification, could force the parties to undertake more discovery and render that which has already been done useless. It also points to the progress this case has made, noting that this is not a case in which all of the federal claims were dismissed under Rule 12(b)(6) early in the litigation but rather much later on a motion for summary judgment. It notes that the Plaintiffs originally filed the claims in federal court, indicating that no unfairness would result from requiring the Plaintiffs to litigate in this Court. Finally, it raises concerns about duplicitous litigation in the event that the Plaintiffs appeal the dismissal of their federal claims, something the Plaintiffs have already tried to do, and those claims are reinstated, leading to continued litigation of the federal claims in this court and the state law claims in state court.

The Plaintiffs argue that the Court should not exercise supplemental jurisdiction over the state law claims. Despite the amount of time for which this case has been pending before this Court, they note that there are no pending motions for summary judgment or class certification that would indicate that the state law claims have matured to the point where judicial economy would be served by exercising jurisdiciton. They take issue with the "speculative" concerns raised by LG&E over duplicitous litigation and discovery, stating that there is no reason to believe that the discovery the parties have already engaged in will not be helpful in state court. Finally, they point to principles of comity that suggest federal courts should not unnecessarily decide issues of state law.

The Court will decline to exercise supplemental jurisdiction over the state law claims. Despite the fact that this case has been pending for over three years on the Court's docket, all but one of the federal claims were dismissed pursuant to Rule 12(b)(6) over two-and-a-half years ago. (DN 49.) When there has been "a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." *Musson*, 89 F.3d at 1255 (citations omitted). While the Court did reach the merits of one federal claim, the fact remains that most of the federal claims were dismissed at an early stage in this case. LG&E's concerns about duplicitous litigation in the event of a reversal of the dismissal of the federal claims on appeal are speculative, as are its concerns that discovery in this case will not be helpful in litigating the state law claims in state court. LG&E emphasizes that the Plaintiffs' state law negligence claims use the alleged violations of federal law as evidence of a departure from the common law standard of care; this relatedness between the state and federal claims indicates that discovery in this case *will* be helpful in litigating the state law claims in state court, as those claims should rely on some of the same evidence as the federal claims did. And while progress has been made in this Court, the

Plaintiffs rightly point out that the Court is to look not only at the progress that has been made but also at the distance that the case still has to go before reaching completion. There is no pending trial date, nor are there any pending motions for summary judgment on the state law claims, an issue that courts have heavily relied on in deciding whether to exercise supplemental jurisdiction over state law claims. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (no abuse of discretion to exercise supplemental jurisdiction when "summary judgment motions were ripe for decision"); *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (same); *Watts v. Lyon Cty. Ambulance Service*, 23 F. Supp. 3d 792, 808 (W.D. Ky. 2014) (deciding to exercise supplemental jurisdiction and decide fully briefed state law claims after granting summary judgment to Defendant on all federal claims in same opinion). Only state law claims remain, and a state court is the proper venue for those claims to be decided. *Accord Gamel v. City of Cincinnati*, 625 F.3d 949 (6th Cir. 2010) (affirming dismissal of state law claims when no federal claims remained).

Thus, having weighed the factors of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. All remaining state law claims are **DISMISSED** without prejudice so that they may be filed in state court.

*[Signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

April 12, 2017

cc: counsel of record